## ARTHUR JAMES v. THE STATE.

No. 5194.  Decided November 13, 1918.

**Murder—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder, the jury convicted the defendant and gave him a lifetime sentence, and the evidence sustained the conviction on a proper charge of the court, there was no reversible error.

Appeal from the District Court of Gregg.  Tried below before the Hon. Daniel Walker.

Appeal from a conviction of murder; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*F. B. Martin*, for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant, on conviction for murder, was condemned to the penitentiary for ninety-nine years.

There are no errors assigned nor discovered. From the statement of facts it appears that appellant and deceased were in a room together, no one else being present. A woman who was at work in the yard saw them after they went in the house sitting down talking. Later she heard a noise "what seemed like a lick," and ran to the house and saw deceased in a sitting position, but he had fallen over on his side, blood was flowing from his head and face, and he was not moving at all. Appellant had a baseball bat drawn in a striking position, and struck deceased once on the head after witness got there, appellant then walking away. She said she did not see deceased move a muscle thereafter, and that he died in a short time. One of deceased's hands was under his side and the other across his chest. The doctors examined deceased and declared that his head was beaten into a pulp; that several blows with a baseball bat would have been necessary to produce the effect. Appellant claimed that while he and deceased were in a game of craps a difficulty arose over the game, and that deceased picked up a baseball bat, which appellant took away from him, whereupon deceased opened

a knife and tried to cut him, and that appellant then struck him with the baseball bat, hitting him one blow; that he left immediately without knowledge that he had killed deceased.

There is testimony that no knife was found, and that deceased had some dice clinched in his right hand. There was evidence of flight, and that appellant had been charged with various offenses. The court submitted the case in a charge which appears to have fully protected the rights of appellant and fairly submitted all issues favorable to him that could arise from the evidence. The jury was advised of the law of manslaughter and self-defense. They have rejected appellant's theory, not arbitrarily but upon sufficient grounds, and the trial court has approved their finding, and we find nothing in the record which would authorize us to disturb the verdict.

The judgment is affirmed.

*Affirmed.*